CASE 60—MOTION TO SET ASIDE ORDER REINSTATING INJUNCTION—
JAN. 24.

# African Baptist Church of Lebanon v. White, &c.

### APPEAL FROM MARION CIRCUIT COURT.

MOTION GRANTED.

INJUNCTION—REINSTATEMENT BY COURT OF APPEALS PENDING APPEAL.
—FAILURE TO GIVE NOTICE OF MOTION TO REINSTATE.

Held: 1. Under Civ. Code Prac. section 747, the court of appeals·
has no power, upon appeal from an order dissolving an injunc-
tion on final hearing, to reinstate the injunction pending the
appeal, except after reasonable notice to appellee of the motion
to reinstate.
2. Where final judgment dissolving an injunction was rendered De-
cember 18th, and twenty days was given appellant in which to
apply to the court of appeals to reinstate the injunction pending
the appeal, a motion filed in the clerk's office of the court.
of appeals January 6th, but not entered in court until Jan-
uary 8th, was too late.

S. A. RUSSELL, FOR APPELLANTS,

JOHN McCHORD, FOR APPELLEES.·

(No briefs.)

OPINION OF THE COURT BY CHIEF JUSTICE GUFFY, GRANTING THE
MOTION.

The appellants, Moses Ray and others, trustees of the
African Baptist Church, instituted suit in the Marion cir-
cuit court against Frank White, etc., the object of which
seems to have been to enjoin the defendants from prevent-·
ing the plaintiffs from exercising certain rights in and to
the house of worship belonging to said plaintiffs, and to
recover $1,000 damages for alleged illegal acts committed
by the defendants in respect to said church property. Such

proceedings were had that on the 18th day of December, 1901, the circuit court adjudged that plaintiff's petition be dismissed, and that the order of injunction be dismissed and dissolved. It further provided that the plaintiffs should have 20 days in which to apply to the court of appeals, or a judge thereof, for a reinstatement of the injunction therein dissolved. To the order of dismissal and dissolution the appellants excepted, and prayed an appeal to this court, which was granted. On the 6th of January, 1902, the appellants filed a transcript of said record in the clerk's office of the court of appeals, and on January 6th filed in the clerk's office a motion for a reinstatement of said injunction, which motion appears to have been entered on the 8th day of January, 1902, and afterwards sustained by the court, and an order to that effect made. On the 23d of January, 1902, the appellees entered a motion to set aside said order of reinstatement. The order of reinstatement was made without the attention of the court being called to the absence of any notice to appellees of the intention of appellants to make such motion. It is insisted for appellees that no motion to reinstate the injunction could be legally made or considered by this court unless appellees had been notified thereof, and section 747 of the Civil Code of Practice is cited in support thereof. It is provided in said section that the provisions of the Civil Code concerning supersedeas on appeal shall not apply to judgments granting, modifying, perpetuating, or dissolving an injunction. It is further provided that when an appeal shall be taken from any judgment granting, modifying, perpetuating, or dissolving any injunction, the court which rendered the judgment may, in its discretion, if the ends of justice so require, at the time the appeal is taken, make an order suspending,

modifying, or continuing the injunction during the pendency of the appeal upon such terms as to bond or otherwise as may be proper for the security of the rights of the other party.    It is provided that either party, within 20 days after the entry of such an order, may take a transcript of the record, or parts thereof appertaining to the injunction, and upon reasonable notice in writing to the opposite party to move the court of appeals, or, if in vacation, any judge thereof, to revise the order of the lower court, and finally determine how far the injunction shall be suspended, modified, or continued pending the appeal. It is also provided that pending such application, but not longer than for twenty days, the status existing immediately before the entry of the judgment appealed from shall be maintained, and the lower court shall so provide in the judgment upon the request of either party.    It will be seen from the record in this case that the court upon final judgment in this case gave to the appellants twenty days to make an application, as provided in the section supra.    It will also be seen from this record that, although filed on the 6th of January, 1902, the motion was not in fact entered until the 8th day of January.    Furthermore, no notice appears to have been given to appellees.

It therefore follows that the order of the court reinstating the injunction should not have been made, and the same is now set aside, and held for naught, and the motion to reinstate the injunction is now overruled.